IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTAMARIE CASTELLI-VELEZ and DANIEL CASTELLI-VELEZ, | : | Civil No. 3:20-CV-00976 |
| Plaintiffs, | : | |
| v. | : | |
| KATHRYN MORONEY and PARTH PATEL, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are Defendants Kathryn Moroney's ("Moroney") and Parth Patel's ("Patel") motions to dismiss and strike pursuant to Rules 12(b)(6) and (f) of the Federal Rules of Civil Procedure. (Docs. 10, 14.) Patel also moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 14.) This action was brought by Plaintiffs, Estamarie and Daniel Castelli-Velez (the "Castelli-Velezs"), to recover damages resulting from a motor vehicle accident involving the collision of the Castelli-Velezs' vehicle with those of Moroney and Patel. (Doc. 1, pp. 2–5.)[1] Moroney and Patel have each filed separate motions to dismiss the Castelli-Velezs' claims for recklessness and punitive damages and to strike all references to recklessness in the complaint. (Docs. 10, 14.) Because the court finds that the complaint only alleges claims for

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

1

negligence and that recklessness merely classifies the alleged conduct at issue; these references to the alleged recklessness of Moroney and Patel are not otherwise immaterial, impertinent, or scandalous; it would be premature to dismiss the punitive damages claim; and a more definite statement is not required, the court will deny the motions in their entirety.  (*Id.*)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, on August 11, 2018 around 8:52 a.m., Daniel Castelli-Velez was driving "northbound in the left lane on Interstate 81 near mile post 215.9, Harford Township, Susquehanna County, Pennsylvania."  (Doc. 1, ¶ 11.)  Estamarie Castelli-Velez was in the passenger seat.  (*Id.*)  The complaint alleges that a "significant rain weather event" was occurring during the Castelli-Velezs' travels.  (*Id.* ¶ 12.)  Moroney was allegedly driving directly beside the Castelli-Velezs in the right lane travelling northbound on Interstate 81 near mile post 215.9.  (*Id.* ¶ 13.)  Patel was allegedly driving directly behind the Castelli-Velezs in the left lane travelling northbound on Interstate 81 near mile post 215.9.  (*Id.* ¶ 14.)

The complaint alleges that Moroney suddenly "lost control of her vehicle, exited the travel lane, struck a series of guardrails while spinning clockwise and crossed into the travel path of [the Castelli-Velezs'] vehicle."  (*Id.* ¶ 15.)  Thereafter, Patel's vehicle came "into sudden and violent contact with the rear of"

2

the Castelli-Velezs' vehicle.  (*Id.* ¶ 16.)  As a result of the three-car collision, Estamarie Castelli-Velez alleges that she suffered severe injuries, including: "cervical spine sprain/strain, left shoulder sprain/strain, disc bulge at C5-6, central posterior disc herniations at C4-5 and C6-7, mid-back pain, neck pain, bilateral left shoulder pain, right shoulder pain, muscle spasms, headaches, migraine headaches, and shock to her nerves and nervous system[.]"  (*Id.* ¶ 17.)

On the basis of these facts, the Castelli-Velezs filed the instant complaint on June 16, 2020, alleging claims of negligence and loss of consortium against Moroney and Patel.  (*Id.* ¶¶ 23–38.)  On October 5, 2020, Moroney filed one of the instant motions to dismiss and strike.  (Doc. 10.)  On October 19, 2020, Patel filed his own motion to dismiss, strike, and for a more definite statement.  (Doc. 14.)  The Castelli-Velezs timely filed briefs in opposition on October 19 and 28, 2020.  (Docs. 16, 17.)  Thus, these motions are ripe for the court's review.

## JURISDICTION

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Further, venue is appropriate because the action detailed in the complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B. Motion to Strike Under Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." This rule is "designed to reinforce the requirement in Rule 8

4

. . . that pleadings be simple, concise, and direct." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update). To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted). They also "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)).

"Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted).  And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

### C. Motion for a More Definite Statement Under Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).  These motions "are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Smith v. Miller*, No. 1:09-CV-1176, 2010 WL 2196428, at *2 (M.D. Pa. May 26, 2010) (Conner, J.) (quoting *Synagro—WWT, Inc. v. Rush Twp.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2003)).  If the complaint satisfies the "Rule 8(a) threshold requirement, a motion for a more definite statement will fail." *Kasteleba v. Judge*, No. 3:05-CV-1739, 2006 WL 1094544, at *3 (M.D. Pa. Apr. 24, 2006).

## DISCUSSION

In this case, Moroney and Patel argue that portions of the Castelli-Velezs' complaint alleging recklessness should be dismissed or stricken. (Doc. 10, pp. 9–10; Doc. 15, pp. 3–4, 7–8.) Specifically, Moroney and Patel assert that the Castelli-Velezs have "failed to set forth any allegations to support a claim for [p]unitive [d]amages" or to support the notion that either Defendant acted recklessly or were grossly negligent. (*Id.*) Patel also seeks a more definite statement with respect to subparagraph (r) of paragraph 29, asserting that without knowing "which federal, state, or local statute(s) or regulation(s)" he allegedly violated, Patel would be unable to respond to this portion of the complaint. (Doc. 15, pp. 5–6.) In the alternative, Patel claims that this subparagraph should be stricken. (*Id.* at 6.) The court will address these arguments seriatim.

### A. The Motions to Strike and Dismiss the Allegations of Recklessness will be Denied.

Moroney and Patel seek to dismiss any allegation of recklessness and to strike any reference to recklessness in the Castelli-Velezs' complaint in accordance with Pennsylvania law.[2] In essence, the court finds that Moroney and Patel do not

---

[2] The court applies the substantive law of Pennsylvania to this dispute since the court is exercising diversity jurisdiction in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000). In addition, the court notes that neither party objects to the application of Pennsylvania law and both parties have cited to same in their filings.

seek to dismiss the negligence claims; rather, they seek to avoid the imposition of punitive damages based on the Castelli-Velezs' characterization of the car accident at issue.

Initially, the court notes that "[r]eckless conduct is the factual characterization of the events that took place giving rise to the negligence action; it is not a claim in itself that the court can dismiss." *Austin v. Nugent*, No. 3:16-cv-1567, 2016 U.S. Dist. LEXIS 167087, at *19 (M.D. Pa. Dec. 5, 2016).  Therefore, the court will deny the request to dismiss the allegations of recklessness in the complaint.  Thus, the court considers whether these allegations should be stricken.

A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).  In this case, the Castelli-Velezs have alleged that Moroney failed to, inter alia, properly observe the road, apply her brakes, operate her vehicle to avoid a collision, maintain control over her vehicle, take proper action to avoid a collision, keep a proper lookout for other vehicles on the roadway, drive at appropriate speeds for conditions, and remain attentive.  (Doc. 1, ¶ 25(a)–(r).)  Similarly, the complaint states that Patel failed to, inter alia, properly observe the road, apply his brakes, operate his vehicle to avoid a collision, maintain control over his vehicle, take proper action to avoid a collision, keep a proper lookout for

other vehicles on the roadway, drive at appropriate speeds for conditions, remain attentive, and maintain an appropriate following distance. (*Id.* ¶ 29(a)–(r).) Nothing about these allegations appears to be "immaterial, impertinent, or scandalous" as required by Rule 12(f). Fed. R. Civ. P. 12(f). Rather, if these allegations are true, they may suffice to allege reckless behavior. As such, the court will deny the motions to strike references to the alleged reckless conduct of Moroney and Patel.

### B. The Motions to Strike and Dismiss the Punitive Damages Claim will be Denied.

Moroney and Patel seek to dismiss and to strike the Castelli-Velezs' claim for punitive damages under Pennsylvania law. In Pennsylvania, punitive damages are available as a remedy for negligence actions where "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772–73 (Pa. 2005). This remedy is only available "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id.* at 770.

Initially, the court notes that a Rule 12(f) motion to strike has "no application to a request for punitive damages, in that it does not constitute redundant, immaterial, impertinent, or scandalous matter." *North Side Foods*

*Corp. v. Bag-Pack, Inc.*, No. 06-CV-1612, 2007 WL 954106, at *3 (W.D. Pa. Mar. 28, 2007); *see also Jordan v. Wilkes-Barre General Hosp.*, No. 07-CV-390, 2008 WL 3981460, at *4 (M.D. Pa. Aug. 22, 2008) (courts should not use Rule 12(f) to eliminate requests for punitive damages). Thus, the court will decline to grant the motion to strike the punitive damages claim.

Moroney and Patel's motions to dismiss the claim for punitive damages fair no better. Courts frequently decline to dismiss punitive damages claims where, as here, the plaintiff has alleged recklessness. *See, e.g.*, *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 U.S. Dist. LEXIS 206828, at *20 (M.D. Pa. Nov. 4, 2020) ("As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct."), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 221668 (M.D. Pa. Nov. 25, 2020); *Shelton v. Gure*, No. 3:19-cv-843, 2019 U.S. Dist. LEXIS 149280, at *4 (M.D. Pa. Sept. 3, 2019) (finding an allegation of recklessness sufficient to preserve a punitive damages claim on a motion to dismiss); *Goodfellow v. Camp Netimus, Inc.*, No. 3:16-cv-1521, 2017 U.S. Dist. LEXIS 68140, at *28 (M.D. Pa. May 4, 2017) (holding that allegations of recklessness sufficiently state a claim for punitive damages at the motion to dismiss stage); *Austin*, 2016 U.S. Dist. LEXIS 167087, at *21–22 (finding that allegations of "reckless, careless conduct . . . would be enough to state a 'plausible'

claim for punitive damages"); *Ortiz v. Porte Reve Transp., Inc.*, No. 1:15-cv-958, 2015 U.S. Dist. LEXIS 87050, at *10 (M.D. Pa. July 6, 2015) ("[T]he motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct.").

In light of the court's finding that the allegations of recklessness will not be dismissed or stricken, the court likewise declines to grant the motions to dismiss the punitive damages claim. Indeed, it would be premature to delve into the factual determinations required for an award of punitive damages at the motion to dismiss stage. *See Harvell*, 2020 U.S. Dist. LEXIS 206828, at *20 ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)). Therefore, Moroney and Patel's motions to dismiss or strike the claim for punitive damages will be denied.

### C. Patel's Motion for a More Definite Statement or to Strike will be Denied.

Patel asserts that subparagraph (r) of paragraph 29 in the complaint fails to set forth "specific allegations with the supporting facts" to enable Patel to formulate an appropriate response. (Doc. 15, p. 5–6.) Specifically, Patel takes issue with the Castelli-Velezs' failure to "set forth which federal, state, or local

11

statute(s) or regulation(s)" Patel allegedly violated. (*Id.* at 6.) Paragraph 29, subparagraph (r) states that Patel failed to "obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Harford Township, in and about operating her [sic] vehicle on the highways and roadways of the Commonwealth of Pennsylvania." (Doc. 1, ¶ 29(r).) The Castelli-Velezs rejoin that, when read in context with the rest of the complaint, this paragraph is sufficiently clear that Patel allegedly violated 75 PA. CONS. STAT. § 3310(a) for following too closely; 75 PA. CONS. STAT. § 3714 for operating his vehicle in a careless manner; 75 PA. CONS. STAT. § 3361 for driving too fast for conditions; 75 PA. CONS. STAT. § 3736 for reckless driving in disregard for the safety of other persons or property; 18 PA. CONS. STAT. § 2705 for reckless operation of his vehicle so as to place the Castelli-Velezs in danger of death or serious bodily injury; and 75 PA. CONS. STAT. § 3361 for failure to "stop within the assured clear distance ahead." (Doc. 17, pp. 12–13 (citing Doc. 1, ¶ 29(g)–(i), (k)–(l), (q)).)

The court reiterates that Rule 12(e) motions "are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Smith v. Miller*, No. 1:09-CV-1176, 2010 WL 2196428, at *2 (M.D. Pa. May 26, 2010) (Conner, J.) (quoting *Synagro-WWT, Inc. v. Rush Twp.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2003)). The court agrees with the Castelli-Velezs that the context of the complaint

provides the specific information that Patel seeks.  Thus, this paragraph cannot be classified as unintelligible such that it would be virtually impossible to craft a responsive pleading.  Moreover, nothing about this paragraph appears to be "immaterial, impertinent, or scandalous" as required to sustain a motion to strike under Rule 12(f).  Fed. R. Civ. P. 12(f).  Thus, the court will deny the motion for a more definite statement and the alternative motion to strike.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, strike, and for a more definite statement will be denied.  (Docs. 10, 14.)  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 16, 2021